IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VANESSA BAUTISTA, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>SWBC PROFESSIONAL EMPLOYER §<br>SERVICES I, LLC AND MPII, INC. §<br>*Defendants* §<br>§ | CIVIL ACTION NO. 5:22-cv-247<br><br>Jury Demanded |

**PLAINTIFF VANESSA BAUTISTA'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Vanessa Bautista, Plaintiff herein, complaining of Defendants SWBC Professional Employer Services I, LLC and MPII, Inc. and files this Plaintiff's Original Complaint. Plaintiff asserts discrimination based on sex in violation of Title VII and retaliation for reporting sexually discriminatory and harassing conduct in violation of Title VII.

**I. PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Vanessa Bautista is an individual and a citizen and resident of Texas and is a former employee of Defendant. She worked for Defendants in San Antonio, Texas and all relevant events occurred in San Antonio, Texas, which is within this Court's district.

1

2. Defendant SWBC Professional Employer Services I, LLC is a Texas LLC. It may be served with process by certified mail by serving its registered agent Gary L. Dudley at 9311 San Pedro, Suite 600 San Antonio, Texas 78216. A waiver of service has been requested.

3. Defendant MPII, Inc. is a Texas Corporation. It may be served with process by certified mail by serving its registered agent Robert D Tips at 1700 S.E. Military Dr. San Antonio, Texas 78214. A waiver of service has been requested.

4. This court has jurisdiction to hear the merits of Plaintiff's claims due to the federal question raised pursuant to the federal claims made, including claims under Title VII.

5. All of the acts alleged herein occurred in San Antonio, Bexar County, Texas, and are within the jurisdiction and district of this Court.

## II. FACTUAL BACKGROUND

6. Bautista first applied for a position at MPII, Inc.'s Mission Park Funeral Home in May of 2020. She applied through SWBC because she was informed that all Mission Park employees worked through SWBC.

7. In May of 2020, she was hired as an outside sales Family Service Representative.

8.      In June of 2020, she was offered full time employment as an inside sales Family Service Representative. Her paychecks still came from SWBC.

9.      Another employee, Sales manager Michael Czerwien, began sexually harassing Bautista in April of 2021. Czerwien would make sexually suggestive comments towards Bautista, such as "You probably need a good fucking from your husband."

10.     On or about July 29, 2021, Czerwien and Bautista were looking at the growing grass at MPFH because customers had complained that it was growing too high. Czerwien took pictures of Bautista and when she asked him why he said that it was to show the high grass to Mr. and Mrs. Tips. However, when Bautista saw the photos, they were of her rear end. She felt humiliated and distressed because there was no reason for her to be in the picture.

11.     On or about August 19, 2021, Bautista tested positive for COVID-19 and was out of work.

12.     On or about August 31, 2021, Bautista returned to work after being absent due to mandatory leave. She was in an office picking up trash and Czerwien was sitting at the desk chair close to the trash bin. Czerwien grabbed Bautista's head, bobbed it up and down to simulate oral sex, and told her to "look up at the camera."

13. Czerwien would also ask Bautista "Do you dream of me with only my tie on." Bautista understood this to be a sexual comment based on Czerwein's prior behavior towards her.

14. On September 3, 2021, Bautista was not feeling well and called and texted, Mike Czerwien, Keri Moody, Rey Sanchez, and John Shults letting them know that she would be out sick.

15. On September 3, 2021, Bautista also prepared and sent a complaint to the owners of Mission Park, Robert and Kristin Tips.

16. Bautista reported that when she returned from being out with COVID that Czerwien sent her text messages on August 27, 2021, telling her that she should send Kristin Tips a message saying that "The stress made me bitchy. I am in my right mind now and I want to apologize for my behavior this past week."

17. On September 6, 2021, Bautista sent another complaint to Robert and Kristin Tips telling them that Czerwein had been sexually harassing her. She informed them of the incident on August 31 where Czerwein grabbed her head and simulated oral sex.

18. She further informed them that a month earlier Czerwein had told her that her husband needed to give her a "good fucking."

19. On September 8, 2021, Bautista sent another memo to Mission Park and SWBC telling them that she had been trying to reach them regarding the ongoing sexual harassment and hostile work environment but had not received any contact back.

20. On September 8, 2021, a letter was sent to Bautista's then counsel stating that Bautista had abandoned her job and quit the week before. The letter further stated that the allegations against Czerwien were false. Finally, Bautista was told not to return to MPII's facilities.

21. However, Bautista had never resigned her position.

22. On September 21, 2021, SWBC sent a letter to Bautista telling her that they had been informed that she resigned from her position with MPII, Inc. on September 7, 2021. The letter went on to say that because she had resigned from her position then she was considered to have resigned with SWBC also.

### III. CAUSES OF ACTION

### SEX DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION FOR REPORTING SEX DISCRIMIANTION IN VIOLATION OF TITLE VII

23. Plaintiff has satisfied all procedural requirements and conditions precedent of Title VII prior to filing this claim. Plaintiff timely filed her charge of

discrimination against SWBC with the Equal Employment Opportunity Commission on November 11, 2021, asserting claims of sex discrimination, harassment, and retaliation.

24.     Plaintiff also timely filed her charge of discrimination against MPII, Inc. on November 12, 2021, asserting claims of sex discrimination, harassment, and retaliation.

25.     Plaintiff received her EEOC right to sue letters on December 15, 2022, and timely files this suit.

26.     Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

## **COUNT 1 – SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

27.     The evidence will show that Defendants sexually harassed, allowed sexual harassment and discriminated against her based on her sex in violation of Title VII and the Texas Labor Code.  Specifically, the evidence will show that:

   a. Plaintiff is a member of a protected class based on sex. (female).

   b. Plaintiff was qualified for the position she held with Defendants.

   c. Plaintiff was subject to an adverse employment action. (Termination).

   d. The evidence will demonstrate that Plaintiff was treated less favorably than male co-workers who were not subjected to the same treatment she was and were not terminated.

28. Czerwien's discriminatory conduct was targeted at Plaintiff and other female employees, rather than attempting to correct his behavior, Defendants terminated Plaintiff.

29. Plaintiff realleges and incorporates the factual allegations set out above as if fully stated herein.

### COUNT 2 – SEX HARASSMENT IN VIOLATION OF TITLE VII

30. The evidence will further show that Plaintiff was subject to a hostile work environment based on sex, in violation of Title VII and the Texas Labor Code. Specifically, the evidence will show that:

   a. Plaintiff is a member of a protected group. (female).

   b. Plaintiff was the victim of uninvited sexual harassment. (Czerwien's actions as set out above).

   c. The harassment was based on sex. (Czerwien's comments were sexual in nature, the act of grabbing her head and mimicking a sex act was sexual in nature.

   d. The harassment affected a term, condition, or privilege of her employment. (The harassment was both severe and pervasive and affected both Plaintiff's mental health and her ability to do her job).

   e. Her employer knew or should have known of the harassment and failed to take prompt remedial action. (Plaintiff reported the harassment and instead of correcting it, Defendants terminated her).

31. Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

## COUNT 3 – RETALIATION FOR REPORTING SEX DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII

32. The evidence will show that each Defendant retaliated against Plaintiff because she complained about sex discrimination, in violation of Title VII and the Texas Labor Code. Specifically:

    a. Plaintiff engaged in protected activity. (Reporting sexually discriminatory and harassing conduct).

    b. An adverse employment action occurred. (Plaintiff was terminated by both Defendants).

    c. A causal link exists between the protected activity and the adverse employment action. (Plaintiff was fired less than a week after complaining, Plaintiff had no indication that her job was in jeopardy prior to being terminated.

33. Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

## IV. JOINT LIABILITY BY DEFENDANTS

34. Defendants are jointly liable for the discriminatory, harassing, and retaliatory conduct against Plaintiff.

35. Defendant SWBC Professional Employer Services I, LLC. is liable as a staffing agency for the conduct of its joint-employer client Defendant MPII, Inc.

Because it knew about the discriminatory, harassing, and retaliatory conduct and did not take any corrective action. As alleged above, Plaintiff sent her complaints about Czerwien's conduct to both Defendants.

36. Furthermore, Defendant SWBC Professional Employer Services I, LLC, participated in the discriminatory and retaliatory conduct by terminating Plaintiff.

## V. JURY DEMAND

37. Plaintiff requests trial by jury on all claims.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

1. Judgment against Defendant for Plaintiff's actual damages, including lost wages, bonuses, salary and benefits (both back pay and front pay), in an amount to be determined by the jury;

2. Judgment against Defendant for Plaintiff's compensatory damages and damages to her reputation, past and future, in an amount to be determined by the jury;

3. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation and any other applicable claims including reinstatement, if warranted or feasible;

4. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

5. Costs of suit, including expert's fees and attorney's fees;

6. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

        **Respectfully submitted,**

        **PONCIO LAW OFFICES**
        **A Professional Corporation**
        **5410 Fredericksburg Road, Suite 109**
        **San Antonio, Texas  78229-3550**
        **Telephone:  (210) 212-7979**
        **Facsimile:   (210) 212-5880**

        **/s/     Adam Poncio**
        **ADAM PONCIO**
        **State Bar No. 16109800**
        Salaw@msn.com
        **ALAN BRAUN**
        **State Bar No. 2405488**
        abraun@ponciolaw.com

        **ATTORNEYS FOR PLAINTIFF**