IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VANESSA BAUTISTA,<br>　　　*Plaintiff,*<br><br>v.<br><br>SWBC PROFESSIONAL EMPLOYER<br>SERVICES I, LLC,  MPII, INC.,<br>　　　*Defendants*. | §<br>§<br>§　　　SA-22-CV-00247-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

On this date, the Court considered Defendant MPII, Inc.'s motion for a more definite statement (ECF No. 6). After careful consideration, the Court **DENIES** the motion.

**BACKGROUND**

Plaintiff Vanessa Bautista ("Plaintiff") brings this Title VII action against her employer MPII, Inc. ("MPII") and staffing agency SWBC Professional Employer Services I, LLC ("SWBC"). ECF No. 1 ¶¶ 1–3. In May 2020, Plaintiff received and accepted an offer to work at MPII's Mission Park Funeral Home as an outside sales family service representative. *Id.* ¶ 7. One month later, she received and accepted a full-time offer of employment as an inside sales family service representative. *Id.* ¶ 8. While employed at MPII, Plaintiff continued to receive her paychecks from SWBC. *Id.*

Plaintiff alleges that, from April to September 2021, MPII sales manager Michael Czerwien sexually harassed her. *See id.* ¶¶ 9–13. According to Plaintiff, Czerwien made sexually suggestive comments towards and took inappropriate photographs of her. *Id.* ¶¶ 9–10. She further alleges that, on August 31, 2021, Czerwien "grabbed [her] head, bobbed it up and down to simulate

1

oral sex, and told her to 'look up at the camera.'" *Id.* ¶ 12. On another occasion, Plaintiff alleges, Czerwien asked her if she dreamt of him only with his tie on. *Id.* ¶ 13.

On September 3, 2021, Plaintiff submitted a complaint to Robert and Kristin Tips, the owners of Mission Park Funeral Home. *Id.* ¶ 15. On September 6, 2021, Plaintiff submitted another complaint to the Kips, reporting to them that Czerwien had been sexually harassing her. *Id.* ¶ 17. In her second complaint to the Kips, she specifically discussed the incident when Czerwien grabbed her head and simulated oral sex. *Id.* Plaintiff also disclosed that, months earlier, Czerwien had made sexually offensive comments to her. *Id.* ¶ 18.

On September 8, 2021, Plaintiff sent a memorandum to Mission Park Funeral Home and SWBC, "telling them that she had been trying to reach them regarding the ongoing sexual harassment and hostile work environment but had not received any contact back." *Id.* ¶ 19. That same day, a letter was sent to Plaintiff's counsel at the time, stating that Plaintiff had abandoned her job and quit the previous week. *Id.* ¶ 20. According to Plaintiff, the letter also stated that her allegations against Czerwien were false. *Id.* Plaintiff was told not to return to MPII's facilities. *Id.*

On September 21, 2021, SWBC sent Plaintiff a letter informing her that it was their understanding that she had resigned from MPII on September 7, 2021. *Id.* ¶ 22. The letter also stated "that because [Plaintiff] had resigned from her position then she was considered to have resigned with SWBC also." *Id.*

On March 14, 2022, Plaintiff filed suit in this Court against MPII and SWBC. *Id.* at 1. Plaintiff asserts claims against MPII and SWBC under Title VII for sex discrimination, sexual harassment, and retaliation. *See id.* ¶¶ 22–33. SWBC filed its answer to the complaint on May 13, 2022. ECF No. 4. That same day, MPII filed the instant motion for a more definite statement, ECF No. 6, as well as an answer, ECF No. 8.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" A plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice," then a defendant can move for a more definite statement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Courts generally disfavor granting motions for a more definite statement. *Benavides v. Laredo Med. Ctr.*, No. L-08-105, 2009 WL 1755004, at *8 (S.D. Tex. June 18, 2009) (citing *Wesley v. Dallas Indep. Sch. Dist.*, No. 3:08-2025, 2009 WL 193786, at *3 (N.D. Tex. Jan. 27, 2009) (citation omitted)). Indeed, "Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than a lack of detail." *J & J Sports Prods., Inc. v. Tawil*, No. SA-09-CV-327-XR, 2009 WL 3761766, at *3 (W.D. Tex. Nov. 9, 2009) (citation omitted). In short, to determine whether a Rule 12(e) motion should be granted, the Court need only assess whether the complaint is one to which the defendant could reasonably prepare a responsive pleading. *See Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

### II. Analysis

MPII submits in its motion for a more definite statement that, "[w]hile Plaintiff includes allegations of harassment in her Complaint, she does not separately include any allegations about

disparate treatment she supposedly received on the basis of sex." ECF No. 6 at 2. MPII further claims that it is "unable to determine the grounds upon which Plaintiff is asserting a claim of sex discrimination." *Id*. Based on these assertions, MPII seeks an order directing Plaintiff "to amend her Complaint to include allegations supporting her cause of action for sex discrimination (separate and apart from her claim for sex harassment), or else such a cla[i]m be stri[c]ken." *Id.*

However, the purpose of Rule 12(e) is to address unintelligibility and incoherence, not lack of detail. *See J & J Sports*, 2009 WL 3761766 at *3. Here, Plaintiff's complaint is intelligible and coherent. It is organized, clearly identifies causes of action, and lays out the elements and corresponding allegations for each cause of action. *See generally* ECF No. 1. Indeed, Plaintiff's complaint does not prevent MPII from reasonably preparing a response. On the contrary, both MPII and SWBC have each filed answers to Plaintiff's intelligible and coherent complaint. ECF Nos. 4, 8. Therefore, the Court finds that a more definite statement is not required in this case.

## CONCLUSION

Accordingly, Defendant MPII's motion for a more definite statement (ECF No. 6) is hereby **DENIED**.

It is so **ORDERED**.

**SIGNED** this June 13, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE