IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANESSA BAUTISTA, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00247-XR |
| vs. | § § § | |
| MPII, INC., MICHAEL CZERWIEN, | § § § | |
| *Defendants.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Defendant MPII, Inc.'s Opposed Motion for Protective Order [#56], which was referred to the undersigned for disposition. On this day, the Court held a hearing on the motion, at which counsel for all parties appeared via videoconference. At the close of the hearing, the Court orally denied the motion. The Court now memorializes its oral ruling with this written order.

This is a case regarding alleged sexual harassment and sex discrimination. Plaintiff Vanessa Bautista worked as a Family Service Representative at MPII, Inc., a funeral home based in San Antonio, Texas, from May 2020 to September 2021. Bautista alleges that Michael Czerwien, another sales manager, sexually harassed her during her employment. Bautista claims that she complained of the harassment to MPII's owners, Robert Tips and Kristin Tips, in September 2021 on multiple occasions but never received any response. According to Bautista's pleadings, after she made her complaints, her attorney received a letter from MPII, denying the allegations against Czerwien, stating that Bautista had resigned from her position, and directing Bautista not to return to work. The remaining claims in this case are claims of sex

discrimination, sexual harassment/hostile work environment, and retaliation under Title VII and the Texas Labor Code against MPII, as well as an assault claim against Czerwien individually.

MPII filed the motion currently before the Court after Bautista noticed the deposition of Mr. Tips. MPII seeks a protective order from the Court, arguing that Mr. Tips is entitled to protection from the deposition because it is an improper "apex deposition." The Court disagrees and will deny the motion.

An "apex deposition" is a term recognized by Texas courts and is defined as "the deposition of a corporate officer at the apex of the corporate hierarchy." *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 126 (Tex. 1995). The Texas doctrine does not govern in federal court, but the Fifth Circuit has similarly recognized the need for first utilizing less-intrusive means before taking the deposition of high-ranking executives. *See Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-CV-878-JDL, 2015 WL 11143486, at *1 (E.D. Tex. Mar. 18, 2015) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)). In the Fifth Circuit, once a plaintiff satisfies her burden to show that the requested discovery is relevant, the burden shifts to the defendant to prove that the plaintiff "can obtain any relevant, desired information through less-intrusive means in order to be protected against the apex deposition." *Id.* "[U]nless the executive possesses unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the executive and the corporation." *Oyekwe v. Research Now Group, Inc.*, No. 3:19-CV-1085-S-BN, 2020 WL 1064868, at *2 (N.D. Tex. Mar. 4, 2020) (cleaned up); *see also Buchholz v. Crestbrook Ins. Co.*, No. 1:20-CV-449-RP, 2021 WL 3571277, at *2 (W.D. Tex. Aug. 11, 2021).

The deposition of Mr. Tips is not an "apex deposition." Mr. Tips is a fact witness. Bautista's factual allegations involve Mr. Tips himself, not just his company, and Bautista seeks

specific discovery on the allegations concerning Mr. Tips. Mr. Tips was originally named as a defendant in this action, but the District Court dismissed him from the suit due to there being no individual liability under Title VII and the Texas Labor Code for the acts at issue. That Mr. Tips cannot be held personally liable does not mean that he is insulated from discovery into matters about which he has personal knowledge. Bautista has alleged that she made complaints regarding the sexual harassment directly to Mr. Tips via e-mail, and Bautista seeks discovery as to whether Mr. Tips received the complaints, why the e-mails might have been blocked if he did not receive them, and the policies and practices of MPII regarding reports of sexual harassment and responses thereto.

The declarations by Mr. Tips attached to MPII's motion and reply do not satisfy MPII's burden to demonstrate entitlement to protection from the noticed deposition. Mr. Tips generally states in his deposition that he has "no recollection of communicating with [Bautista] during the relevant period"; "did not see any of the September 2021 Emails purportedly sent by [Bautista]"; and "was not involved in, and [has] no personal knowledge of, any investigation following any complaints of sexual harassment." (Am. Decl. [#60-1].) Bautista is entitled to cross examine Mr. Tips on these assertions and to inquire further regarding Mr. Tips's involvement in his business and his knowledge of how sexual harassment complaints are handled.

Furthermore, the fact that Mr. Tips has childcare and professional responsibilities does not establish an undue burden related to his appearance for the deposition. Mr. Tips states that he is the primary caretaker of his 11-year-old twins and has the responsibility of appearing at funerals almost every day at the multiple locations of his funeral home. (*Id.*) Although these kinds of commitments may make appearing for a deposition inconvenient, this inconvenience is no more than the typical inconvenience that depositions impose on most individuals who also

have professional and family obligations.  Mr. Tips has not demonstrated that the deposition is unduly burdensome.  That said, the Court expects counsel to cooperate to work around Mr. Tips's schedule in selecting a day and time for the deposition.

**IT IS THEREFORE ORDERED** that is Defendant MPII, Inc.'s Opposed Motion for Protective Order [#56] is **DENIED**.

SIGNED this 30th day of October, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE